|   |   |
|---|---|
| EDWIN GREGORY,<br><br>            Petitioner,<br><br>   v.<br><br>WILLIAM DUNCAN, Warden,<br><br>            Respondent. | 1:98-cv-06521 LJO WMW (HC)<br><br>ORDER DENYING PETITIONER'S MOTION<br>FOR RECONSIDERATION<br><br>[Docs. #97, 98]<br><br>ORDER VACATING JUNE 11, 2009<br>HEARING |

      Petitioner is a state prisoner proceeding with a habeas corpus action pursuant to 28 U.S.C. § 2254.

      On April 22, 2009, the undersigned denied Petitioner's motion for continuing bail. (Doc. #96).

      On April 28, 2009, Petitioner filed a motion for reconsideration. (Doc. #97). Petitioner filed an amended motion for reconsideration on May 15, 2009, specifying June 11, 2009 as the hearing date for the motion. (Doc. #98).

      On May 18, 2009, Respondent filed and opposition to Petitioner's motion. (Doc. #101).

      On June 4, 2009, Petitioner filed a reply to Respondent's opposition. (Doc. #103).

      Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event, "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

      Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc)*. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and

1  'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), *quoting* Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

   In the present case, the Court finds that the above standard has not been met.  Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration be DENIED and the hearing set for June 11, 2009 at 8:30 a.m. be VACATED.

IT IS SO ORDERED.

**Dated:   June 4, 2009**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE