IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN GREGORY, | CASE NO. CV F 98-6521 LJO MJS HC |
| Petitioner, | **ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | (Doc. 123.) |
| FRANK X. CHAVEZ, | |
| Respondent. | |

## BACKGROUND

Petitioner Edwin Gregory ("petitioner") is a state prisoner and proceeds with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("section 2254"). On September 5, 1993, petitioner fatally shot Jack Burrow. On May 16, 1994, petitioner entered a nolo contendere plea to second degree murder with a firearm enhancement. A jury trial was conducted to determine if petitioner was sane at the time of the shooting. The jury found petitioner sane, and petitioner serves state prison sentence of 18 years to life.

United States Magistrate Judge Michael J. Seng ("Judge Seng") considered petitioner's section 2254 petition and issued June 8, 2011 findings and recommendations ("findings and recommendations") to grant section 2254 relief in that: (1) petitioner's plea was not knowing and voluntary because he did not under the consequences of his plea; and (2) petitioner's defense counsel provided ineffective assistance at the sanity trial by failing to introduce evidence of petitioner's delusional statements made

shortly after the crime. The parties filed objections to the findings and recommendations.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this matter and DENIES section 2254 relief suggested by the findings and recommendations and otherwise ADOPTS the findings and recommendations.

## DISCUSSION

### Standard Of Review

Pursuant to section 2254(d), a federal court may grant a habeas petition on a claim that a state court heard on the merits only if the state court's decision "(1) resulted in a decision that was contrary to, or involved and unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."

"By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 784 (2011). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision 'was contrary to' federal law then clearly established in the holdings of this Court, § 2254(d)(1); . . . or that it 'involved an unreasonable application of' such law, § 2254(d)(1); or that it 'was based on an unreasonable determination of the facts' in light of the record before the state court, § 2254(d)(2)." *Harrington*, __ U.S. __, 131 S.Ct. at 784.

Under section 2254(d), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, __ U.S. __, 131 S.Ct. at 786.

With these standards in mind, this Court turns to the findings and recommendations suggesting to grant section 2254 relief.

### Voluntariness Of Nolo Contendere Plea

Petitioner contends that his nolo contendere plea was not knowing, voluntarily or intelligently made because he did not understand the terms and consequences of his plea due to effects of his mental illness and psychotropic medications administered in jail.

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents

a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160 (1970)). "Waivers of constitutional rights [given up in the process of entering such a plea] not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463 (1970) (fn. omitted.) "The purpose of the 'knowing and voluntary' inquiry . . . is to determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced." *Godinez v. Moran*, 509 U.S. 389, 113 S.Ct. 2680, 2687, n. 12 (1993).

"The voluntariness of [petitioner's] plea can be determined only by considering all of the relevant circumstances surrounding it." *Brady*, 397 U.S. at 749, 90 S.Ct. 1463. The pertinent inquiry is whether the record affirmatively shows the admission was voluntary and intelligent under the totality of the circumstances. *People v. Mosby,* 33 Cal.4th 353, 360, 15 Cal.Rptr.3d 262 (2004); *People v. Howard,* 1 Cal.4th 1132, 1175, 5 Cal.Rptr.2d 268 (1992).

In *People v. Gregory*, 2007 WL 1018550, at *15 (2007), the California Court of Appeal addressed the voluntariness of petitioner's plea and concluded: "Because Edwin[1] insists on maintaining he was competent to change his plea, we must conclude all inferences that flow from that concession based on the record before us: specifically, that he was fully, legally capable of understanding what was being said to him."

The findings and recommendations took issue with the Court of Appeal's conclusion that petitioner's plea was voluntary. Specifically, the findings and recommendations noted:

1. "Despite acknowledging that the issues of competency and whether a plea is knowing and voluntary require distinct inquiries, the appellate court impermissibly combined the two and in doing so unreasonably applied clearly established federal law as promulgated by the Supreme Court of the United States";

2. "The appellate court's conclusions are without support in any cited or otherwise relevant

---

[1] The Court of Appeal referred to petitioner as "Edwin."

3

authority and, this Court finds, contradict clearly established federal law as stated by the Supreme Court of the United States";

3. "Petitioner's competency is not at issue. Petitioner's ability to provide a knowing and voluntary plea is, and significant evidence exists to show that his mental condition affected his ability to provide such a plea"; and

4. "To the extent that the state court relied on Petitioner's competence and not on the totality of circumstances, including Petitioner's mental condition, to determine if Petitioner's plea was knowing and voluntary, the state court's decision was both contrary to and an unreasonable application of clearly established law."

Despite the findings and recommendations' extensive review of the record and legal authorities, this Court disagrees with their evaluation of the voluntariness of petitioner's plea. Of key importance, no United States Supreme Court authority establishes that a defendant who claims capacity to enter a plea demonstrates an unknowing and involuntary plea based on evidence that he lacked capacity. The Court of Appeal did not contradict *Brady* requirements to address the voluntariness of petitioner's plea. The Court of Appeal logically addressed the voluntariness of petitioner's plea under the circumstances:

> Here, all the evidence proffered by Edwin was offered to prove that Edwin did not actually understand because he could not understand: He was incapable of understanding, and thus of entering a knowing and voluntary plea, because he could not process what was being said to him and could not retain information, almost certainly because of his mental illness, the effects of his medication, or both. . . .
> 
> . . .
> 
> Edwin has repeatedly and expressly refused to place his competence in dispute, both in the trial court and before this court. . . . Nevertheless, Edwin's attempt to parse the standards of competence and the concepts of knowing and intelligent waiver into distinct aspects that utilize the same standards to reach different results cannot be logically reconciled. Edwin was either competent or he was not. The effectiveness of his argument necessarily rests upon us concluding that while competent at the time he entered his plea, he did not make a knowing and intelligent waiver because he was not competent at the time he entered his plea. Edwin's argument does not carve out any legally credible middle ground. To conclude on this evidence that Edwin did not understand or process what was said to him, but was capable of doing precisely that, is inherently inconsistent and would be legal sophistry.

*Gregory*, 2007 WL 1018550, at 13, 14.

A petitioner claiming competency to enter a plea cannot establish an unknowing and involuntary plea with only evidence of incompetency. "The focus of a competency inquiry is the defendant's mental

capacity; the question is whether he has the ability to understand the proceedings." *Godinez*, 509 U.S. at 401, n. 12, 113 S.Ct. 2680. "The purpose of the 'knowing and voluntary' inquiry, by contrast, is to determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced." *Godinez*, 509 U.S. at 401, n. 12, 113 S.Ct. 2680. If the only evidence that a plea was unknowing and involuntary is a defendant's lack of capacity to enter a plea, the questions of capacity and understanding are uniform. The Court of Appeal correctly observed: "Under the evidence presented in this case, capacity to understand and actual understanding, although legally distinct, are factually one and the same."

The Court of Appeal correctly analyzed the effect of the competency concession and concluded that "much, if not all, of the evidence offered by Edwin [has] minimal, if any, relevance to the issue of a knowing and intelligent plea." *Gregory*, 2007 WL 1018550, at *15. "Thus, once Edwin took the position in the writ proceedings that he was competent, he necessarily rendered insubstantial any evidence that he did not actually understand the nature and consequences of his plea. . . The evidence simply does not support a conclusion that Edwin was able to understand what he was doing, but, at the same time, did not actually understand what he was doing." *Gregory*, 2007 WL 1018550, at *15.

Moreover, there was a great deal of give and take by petitioner at the time of his change of plea. This is strong evidence that it was knowing and intelligent. When petitioner presented questions, they were clear and appropriate. When the trial court asked petitioner questions, his answers were clear and appropriate. At the time of change of plea, defense counsel believed that petitioner understood. This is an important snapshot in time that should not be second guessed after legal contemplation.

The Court of Appeal's evaluation of the voluntariness of petitioner's plea neither contradicted federal law clearly established by U.S. Supreme Court holdings nor involved an unreasonable application of such law. This Court DENIES petitioner section 2254 relief based on involuntariness of his plea.

### Ineffective Assistance Of Counsel

Petitioner contends his counsel was ineffective for failure to introduce statements of petitioner's mother and cousin that petitioner experienced paranoid delusions shortly after the shooting.

The findings and recommendations reviewed the Tulare County Superior Court's habeas corpus

evaluation of petitioner's contention "that defense counsel failed to present to the [prosecution] expert and the jury evidence of Petitioner's family members' observations of delusion." The findings and recommendations point to the declaration of the prosecution's expert that information from petitioner's mother and cousin regarding their communications with petitioner near the time of the shooting would have strengthen petitioner's insanity claim. The findings and recommendations concluded petitioner is entitled to section 2254 relief in that:

1. "Petitioner provided significant evidence, to support a claim of ineffective assistance of counsel for failure to present material evidence to experts or the jury"; and

2. "The state court's failure to address Petitioner's contentions that the prosecution expert's opinion and testimony would have been significantly more favorable to Petitioner was an unreasonable determination of the facts in light of the evidence."

The findings and recommendations focus on defense counsel's failure to submit the family members' statements to the prosecution expert. However, petitioner's amended habeas corpus petition focuses on failure to provide such information to "his" (petitioner's) experts and to the jury. Petitioner's objections note that the "gravamen" of the claim is defense counsel's failure to provide the prosecution and other experts "with additional evidence known to defense counsel that would have rebutted that prosecution's strongest evidence against a finding of insanity, i.e., that petitioner was relatively normal between the homicide . . . and his undisputed psychotic break on October 8, 1993." The findings and recommendations place undue emphasis on failure to provide the information to the prosecution expert.

Moreover, this Court is unconvinced that defense counsel is guilty of ineffective assistance of counsel. When considering an ineffective assistance of counsel claim, a court must consider two factors. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment.

1 *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.  A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996).  There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990).  Judicial scrutiny of counsel's performance is highly deferential.  *Strickland*, 466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has affirmatively proven prejudice.  *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271.  Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066.  A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066.  In addition, the court can find prejudice only when the outcome would have been different without counsel's errors.  *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843.  A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness.  *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994).  A defendant may be granted a windfall, to which he is not entitled, if his/her conviction or sentence is set aside solely because the outcome may have been different but for counsel's errors.  *Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842.  Thus, if a court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

Neither petitioner nor the findings and recommendations address how defense counsel was expected to introduce the family members' statements, which included notes, a letter, declarations and potentially live testimony.  The findings and recommendations ignore defense counsel's tactical rationale

7

to withhold the family members' statements, including their cumulative effect in light of other evidence of petitioner's delusions, such as, defense expert testimony. Moreover, the record reflects that defense counsel introduced extensive evidence from numerous sources to demonstrate petitioner's behavior over an extended time. Given all the evidence defense counsel presented, this Court is not prepared to conclude that failure to introduce the family members' statements equates to falling below an objective standard of reasonableness considering all circumstances. Failure to introduce the statements is not an error so serious to constitute inability to function as counsel guaranteed by the Sixth Amendment.

Moreover, the findings and recommendations point to no concrete prejudice to petitioner from failure to introduce the family members' statements given that abundant evidence of petitioner's conduct was introduced at the sanity trial. The findings and recommendations fail to address how introduction of such evidence may have lead to a different result or had a reasonable probability to do so. The findings and recommendations fail to explain how withholding such evidence undermined confidence in the jury's finding petitioner sane. This Court will not grant petitioner a windfall in the absence of support that the sanity trial may have reached a different result with introduction of the family members' statements.

"The test for ineffectiveness is not whether counsel could have done more; perfection is not required." *Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995). "Nor is the test whether the best criminal defense attorneys might have done more." *Waters*, 46 F.3d at 1518. The test is whether defense counsel acted within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. The findings and recommendations fail to reveal that defense counsel fell below the "wide range of reasonable professional assistance." As such, this Court DENIES section 2254 relief based on ineffective assistance of counsel for failure to introduce family members' statements regarding petitioner's delusions.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DENIES petitioner section 2254 relief based on involuntariness of his plea and based on ineffective assistance of counsel for failure to introduce family members' statements regarding petitioner's delusions;

8

1     2.    ADOPTS otherwise the findings and recommendations; and

2     3.    REMANDS this matter to Judge Seng for determination of reserved claims of ineffective assistance for failure to inform petitioner of his chances of success on the insanity defense and violation of due process rights to take petitioner's plea and to conduct the sanity trial while petitioner was incompetent.

IT IS SO ORDERED.

**Dated:   August 25, 2011**             **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE