IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN GREGORY,<br><br>        Petitioner,<br>  vs.<br>FRANK X. CHAVEZ,<br><br>        Respondent.<br>_____ / | CASE NO. CV F 98-6521 LJO MJS HC<br><br>**ORDER ON RECONSIDERATION MOTION AND TO ENTER JUDGMENT**<br>(Doc. 133.) |

## **BACKGROUND**

Petitioner Edwin Gregory ("petitioner") asks this Court to reconsider its August 25, 2011 order ("August 25 order") to deny petitioner 28 U.S.C. § 2254 relief based on involuntariness of his plea and based on ineffective assistance of counsel for failure to introduce statements of petitioner's family members regarding petitioner's delusions. Petitioner characterizes as a "fundamental flaw" the August 25 order's downgrading "the substantial evidence of petitioner's impairments and consequent lack of actual understanding" as to petitioner's nolo contendere plea. Petitioner equates his condition to that of U.S. Supreme Court Chief Justice William Rehnquist when he suffered from effects from a "serious overdependence" on a "sleeping pill." Petitioner further promotes U.S. Magistrate Judge Michael J. Seng's "cogent analysis" to reject the conclusions of the California Court of Appeal.

## **DISCUSSION**

A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an

1

"extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Westlands Water*, 134 F.Supp.2d at 1131.

Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. Denial of reconsideration is reviewed for abuse of discretion. *School District 1J*, 5 F.3d at 1262.

A motion for reconsideration is restricted and serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (italics in original)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239,

1240 (D. Del. 1990). Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Petitioner appears to claim that the August 25 order commits clear error. Petitioner's reconsideration motion offers nothing new, except its points regarding Justice Rehnquist, and merely contends that the August 25 order is wrong and that Magistrate Judge Seng's findings and recommendations are correct. Petitioner fails to substantiate the August 25 order's clear error to warrant reconsideration.

As an alternative to reconsideration, petitioner requests to withdraw his claims on which Magistrate Judge Seng reserved ruling and which the August 25 order remanded to him and to enter judgment on the merits.[1] Petitioner's alternative requested relief is proper.

**Certificate Of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2254 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when a petitioner demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2254 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds that a jurist of reason could debate the correctness to deny petitioner collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would debate the constitutionality of petitioner's conviction. As such, a limited COA is proper as to the

---

[1] The August 25 order remanded to Magistrate Judge Seng for determination of reserved claims of ineffective assistance for failure to inform petitioner of his chances of success on the insanity defense and violation of due process rights to take petitioner's plea and to conduct the sanity trial when petitioner was incompetent.

claims which Magistrate Judge Seng recommended granting.

## **CONCLUSION AND ORDER**

For the reasons discussed above and based on petitioner's withdrawal of the reserved claims, this Court:

1. DENIES petitioner's section 2254 petition in whole;
2. ISSUES petitioner a limited COA only as to petitioner's claims based on involuntariness of his plea and based on ineffective assistance of counsel for failure to introduce family members' statements regarding petitioner's delusions and otherwise DENIES petitioner a COA as to his other claims; and
2. DIRECTS the clerk to enter judgment in favor of respondent Frank X. Chavez and against petitioner Edwin Gregory and to close this action.

IT IS SO ORDERED.

**Dated:   October 11, 2011**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE